NATHAN D. LEIMAN et al., Respondents, v. ALEXANDER GUTTMAN et al., Individually and as Officers and Members of the Committee of Preferred Stockholders of Pittsburgh Terminal Coal Corporation et al., Appellants, et al., Defendants.

Argued November 12, 1947; decided March 11, 1948.

*Barney Rosenstein* and *Leo Praeger* for appellants. I. The Constitution and statutes of the United States confer exclusive jurisdiction upon the Federal courts in all matters and proceedings in bankruptcy. (U. S. Const., art. I, § 8; U. S. Code, tit. 28, § 371, par. [6]; *Matter of South Beardstown Drainage & Levee Dist.*, 125 F. 2d 13; *International Shoe Co.* v. *Pinkus*, 278 U. S. 261; *Matter of Denver & R. G. W. R. Co.*, 23 F. Supp. 298; *Pacific Nat. Bank of San Francisco* v. *Merced Irrigation Dist.*, 25 F. Supp. 981, 114 F. 2d 654, 311 U. S. 718.) II. The exclusive jurisdiction of Federal courts in matters relating to bankruptcy extends to all allowances and fees including the subject matter of this complaint. (Bankruptcy Act, § 221, par. [4]; U. S. Code, tit. 11, § 621, par [4]; *Matter of Brown* [*Gerdes*], 290 N. Y. 468; *Matter of Keystone Realty Holding Co.*, 117 F. 2d 1003; *Woods* v. *City Nat. Bank & Trust Co.*, 312 U. S. 262; *Wright* v. *City Nat. Bank & Trust Co.*, 104 F. 2d

285; *Brown* v. *Gerdes*, 321 U. S. 178; *Matter of Philadelphia &
Reading Coal & Iron Co.*, 61 F. Supp. 120; *Matter of General
Carpet Corp.*, 116 F. 2d 426; *Matter of Paramount-Publix*, 12
F. Supp. 823; *Matter of Mt. Forest Fur Farms of America,
Inc.*, 157 F. 2d 640.) III. Respondents' claim that the issues
have been adjudicated in the United States District Court is
without merit.

*George Zolotar, Samuel M. Koenigsberg, Arthur A. Burck,
Aaron Levy, Roger S. Foster* and *Sidney H. Willner* for Securi-
ties and Exchange Commission, *amicus curiæ*, in support of
appellants' position. I. The bankruptcy court has jurisdiction
to fix the amount of all fees for legal services performed in a
reorganization proceeding regardless of the source of payment
of such fees. (U. S. Code, tit. 11, § 621, par. [4]; *Matter of P-R
Holding Corp.*, 147 F. 2d 895; *Matter of Philadelphia & Reading
Coal & Iron Co.*, 61 F. Supp. 120.) II. The jurisdiction of the
bankruptcy court over the fee claim, which is the subject of the
present litigation, is exclusive. (*Matter of Brown [Gerdes]*,
290 N. Y. 468; *Brown* v. *Gerdes*, 321 U. S. 178.)

*Samuel Marion* and *Morris Berkeley* for respondents. I. The
issues raised on this appeal have been adjudicated in the
United States District Court. II. In this action, the compen-
sation sought is not from the bankrupt estate but from indi-
vidual stockholders of the debtor corporation, payable out of
their own assets, not the bankrupt's assets. (*Greensfelder* v.
*St. Louis Public Service Co.*, 114 F. 2d 53; *Matter of Standard
Gas & Electric Co.*, 106 F. 2d 215; *Zweifel, Tuohy & Crager*
v. *Trans-State Oil Co.*, 99 F. 2d 650; *Matter of Middlewest
Utilities Co.*, 17 F. Supp. 359; *Matter of Watco Corp.*, 95 F. 2d
249.) III. Even if there had been no adjudication by the
Federal court on the issue raised on this appeal, it seems to be
clearly settled that plaintiffs would be entitled to recover from
defendants on the agreement sued upon. IV. The order appealed
from should be affirmed, and the question certified should be
answered in the affirmative.

THACHER, J. Upon appeal from an order of the Appellate
Division which affirmed an order denying defendants' motion
to dismiss the amended complaint for lack of jurisdiction of

the subject matter of the action the following question was certified: " Has the Supreme Court of the State of New York jurisdiction over the subject matter of this action to recover for legal services rendered to the stockholders committee which are not compensable out of the assets of the Debtor's estate, in a Chapter X reorganization proceeding under the United States Bankruptcy Act? "

The complaint alleges that plaintiffs were retained by the defendants-appellants, who were officers and members of a committee of preferred stockholders of Pittsburgh Terminal Coal Corporation in corporate reorganization proceedings pending in the United States District Court for the Western District of Pennsylvania, In the Matter of Pittsburgh Terminal Coal Corporation, Debtor, to file amended proofs of claim against the debtor for money alleged to be due on preferred stock certificates under the sinking fund provisions relating thereto and to render other services in connection with the reorganization proceedings, for which defendants agreed to pay plaintiffs for their fee and disbursements therein, in addition to any sum allowed by the court, 20% of the stockholdings of the defendants. Stock certificates were to be deposited with the chairman of the committee and delivered to plaintiffs upon the completion of the proceedings. It is further alleged that the proceedings in reorganization have been substantially completed, but the defendants-appellants have failed and refused to turn over the shares of preferred stock thus deposited in escrow. Attached to the complaint as Exhibit A is a copy of a letter from the committee advising the plaintiffs of the deposit of the shares with them by four of the preferred stockholders. The document, referring to the shares, states the terms upon which they are held as follows: " They have been obtained and are held in escrow on the condition that they be delivered to you only at such time as the reorganization proceedings in the matter of Pittsburgh Terminal Coal Corporation are finally terminated and a final settlement of all suits and claims made by this Committee in behalf of the preferred stockholders have been settled. It is further conditioned upon faithful and satisfactory performance of your duties as counsel to this Committee until the termination of all proceedings."

There is no allegation in the complaint disclosing the actual services rendered. It does, however, appear that the compensation sought is " in addition to any sum allowed by the court ", is " additional compensation for your services in the above matter " and "conditioned upon faithful and satisfactory performance of your duties as counsel to this Committee until the termination of all proceedings." There is no allegation of performance, but it is alleged " that all proceedings in said reorganization have been substantially completed ". Thus it is clear that the claim asserted is for additional compensation for services as counsel to the stockholders' committee. According to the document, counsel are to have the shares as additional compensation, regardless of the value or character of the services rendered.

Jurisdiction of the courts of the United States in all matters and proceedings in bankruptcy is exclusive of the courts of the several States (U. S. Const., art. I, § 8; U. S. Code, tit. 28, § 371, par. Sixth). Sections 221, 241, 242 and 243 of the Federal Bankruptcy Act (U. S. Code, tit. 11, §§ 621, 641, 642, 643) impose upon the Federal courts the duty of allowing reimbursement for proper costs and expenses incurred and reasonable compensation for services rendered in corporate reorganization proceedings, and under these provisions the bankruptcy courts have plenary power to review all fees and expenses in connection with the reorganization from whatever source they may be payable (*Woods* v. *City Nat. Bank & Trust Co.,* 312 U. S. 262, 267). Section 221, having general application in reorganization, provides: " The judge shall confirm a plan if satisfied that — * * * (4) all payments made or promised by the debtor or by a corporation issuing securities or acquiring property under the plan or by any other person, for services and for costs and expenses in, or in connection with, the proceeding or in connection with the plan and incident to the reorganization, have been fully disclosed to the judge and are reasonable or, if to be fixed after confirmation of the plan, will be subject to the approval of the judge". There has been no such scrutiny by the bankruptcy court in this case. Section 241 deals with costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and

reimbursement for proper costs and expenses incurred by referees, special masters, the trustee and other officers, and the attorneys for any of them, the attorney for the debtor and the attorney for the petitioning creditors. Section 242 governs this case; it provides: " The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge —

" (1) by indenture trustees, depositaries, reorganization managers, and committees or representatives of creditors or stockholders; * * *

" (3) by the attorneys or agents for any of the foregoing except the Securities and Exchange Commission."

We think it entirely clear that it was the duty of the bankruptcy court to determine and allow reasonable compensation for the services rendered by plaintiffs as attorneys for the committee of stockholders and to determine, as required by section 221, whether or not the additional compensation promised to be paid to plaintiffs by delivery of shares was reasonable (*Brown* v. *Gerdes*, 321 U. S. 178; *Woods* v. *City Nat. Bank & Trust Co.*, *supra*). This jurisdiction being exclusive, the State courts have no jurisdiction to entertain any suit for compensation in addition to the compensation allowed by the bankruptcy court.

The judge in the bankruptcy court made an order to the effect that an allowance of $37,500, previously granted by his order to plaintiffs and defendant Berkman, who with the approval of the defendants had been retained as counsel, as compensation for legal services, was " without prejudice to such rights as said Marion, Berkman and Leiman may have " in the escrow agreement. (*Matter of Pittsburgh Terminal Coal Corp.*, 69 F. Supp. 656, 659.) It seems clear that the district judge misapprehended the duty imposed upon him by section 221 of the act, which required his determination that all payments made or promised by any person for services or for costs and expenses in, or in connection with, the proceeding or in connection with the plan and incident to the reorganization have been fully disclosed

and are reasonable, or, if to be fixed after confirmation of the plan, will be subject to the approval of the judge.

It is our view, therefore, that the Supreme Court of this State is without jurisdiction to entertain this suit for additional compensation for services rendered to the committee.

The orders should be reversed and the motion granted, with costs in all courts. The question certified should be answered in the negative.

DESMOND, J. (dissenting). The complaint in this equity suit contains, after the allegations summarized in Judge THACHER's opinion, a prayer for judgment requiring defendants to deliver up to plaintiff the stock in question, and for a determination of the rights of defendant Berkman in said stock, also a prayer " that the plaintiffs have such other, further and different relief against the defendants as may be just and proper ". The motion for dismissal was made on the sole ground that the Supreme Court of the State of New York has no jurisdiction at all to entertain this suit or to hear the parties or to grant or deny any relief. The majority opinion for reversal here grounds itself on the sweeping holding that since the legal services rendered by plaintiffs to defendants were in a chapter X reorganization, the State courts are totally without power or authority to furnish any relief, no matter what the precedent circumstances, even the most unusual circumstances here disclosed.

I do not doubt that the Federal bankruptcy courts have plenary power to review all fees and expenses in connection with a reorganization, from whatever sources they may be payable, as the Supreme Court said in *Woods* v. *City Nat. Bank & Trust Co.* (312 U. S. 262, 267). The plain intent of the statute, for reasons easy to discover (see 1 Collier on Bankruptcy [14th ed.], § 11.09), is that fee arrangements for services in chapter X proceedings, are to have the scrutiny and approval or disapproval of the Federal district courts sitting in bankruptcy. These plaintiffs, doing what they could to comply with the spirit and intent of that statute, made frank and full disclosure to the bankruptcy court of the agreement sued upon here. The district judge examined that contract and, in his opinion of January 22, 1947, made these

statements which can be treated as findings of fact (*Matter of Pittsburgh Terminal Coal Corp.*, 69 F. Supp. 656, 657–658):

" The court has had no difficulty in determining that the claimants rendered services to the preferred stockholders named in the escrow agreement which were not compensable from the fund distributed by order of the court. Among such services were those rendered in connection with the sinking fund claims, Guttman's criticism of the Trustee's sales of machinery and his management of the real estate, his rent collections and the repair of the debtor's houses and other property.

" That such services to the Preferred Stockholders Committee, at the request of its members, are entitled to a reasonable recompense seems unquestionable if the escrow agreement is to be reasonably interpreted. As to the method of recompense, however, considerable controversy has arisen."

After having made those findings to the effect that extra compensation in some amount was due, and having, inferentially, found that the payment thereof would not be inconsistent with the approved reorganization plan or otherwise illegal, the district judge — mistakenly, it seems — went on to hold that (pp. 659–660) he was " without present jurisdiction to determine the value of the additional services " or to " charge the amount thereof to said stockholders."

Regardless of the Federal judge's erroneous views as to his own powers, the events above related show, I think, that the full purpose of the Federal statute was accomplished, at least under these special circumstances. If we hold that the State courts now have no jurisdiction to grant any relief at all to plaintiffs, on the breach by defendants of the fee agreement on which the Federal judge held that something was due, we are depriving these plaintiffs of their day in court. Since such is not a necessary construction of the Bankruptcy Act provisions, I prefer to hold that the State courts are not totally without jurisdiction.

On a proper trial the State Supreme Court may construe any doubtful terms of the agreement sued on, may pass on any defense of its invalidity on any asserted ground, and any controversy as to the amount due. Assumption by the State court of jurisdiction of the subject matter, to that extent, will not violate the letter or spirit of the Federal law.

The order should be affirmed, with costs and the certified question answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS and FULD, JJ., concur with THACHER, J.; DESMOND, J., dissents in opinion in which CONWAY and DYE, JJ., concur.

Orders reversed, etc.