Action by a landlord against assignees of a lease for commercial premises, and against others who might have an interest therein, for a declaratory judgment declaring that the lease was can-celled and terminated by election of the landlord, in pursuance of a provision in the lease, upon the filing of a voluntary petition in bankruptcy by the lessee after the latter had assigned the lease. The assignment was with consent of the landlord. The assignees and two other defendants interposed a joint answer which contained five separate defenses and, on behalf of the assignees, a counterclaim for a judgment declaring that the lease was not terminated and remains in full force and effect, and that it was renewed for an additional term by an election exercised by such assignees in pursuance of another provision in the lease. It appears in the pleadings, by separate agreement between the lessee and the assignees, that the latter were to pay to the former moneys in addition to the rent reserved in the lease, but which payments were to cease upon the bankruptcy of the lessee and the consequent cancellation of the lease by the lessor. The assignees and the said two other defendants together have appealed from portions of three orders. Their appeals are from so much of an order entered' May 18, 1950, as denied their motion to compel plaintiff to join the trustee in bankruptcy of the lessee as a party defendant; from so much of an order entered August 10, 1950, as granted plaintiff’s motion to strike out the defenses as insufficient, and as denied their cross motion for judgment on the pleadings; and from so much of an order entered August 10, 1950, as grants plaintiff’s motion, in part, to vacate a notice by said defendants for an examination of plaintiff before trial. The assignees further appeal from an order entered June 6, 1950, which denied their motion for leave to implead the trustee in bankruptcy as a party defendant. Order of May 18, 1950, modified by striking from the first ordering paragraph the word “ only ” and by inserting therein, after the word “defendant” the following: “that Peter N. Schiller, as trustee in bankruptcy for Electronic Corporation of America, be brought into the action as a party defendant, and that plaintiff serve an amended summons and complaint to carry out this direction ”; and by striking out of the second ordering paragraph all matter following the word “ denied ”. As so modified, the order, insofar as appealed from, is affirmed, without costs. The other orders, insofar as appealed from, are affirmed, with a single bill of $10 costs and disbursements to respondent. Rights as between the trustee and the assignees depend upon whether or not the lease was effectively terminated. His presence as a party may' avoid confusion of rights, and circuitous litigation also. (See Manhattan Storage & Warehouse Co. v. Movers Assn., 289 N. T. 82, 88, and Varriehio v. Varrichio, 269 App. Div. 678.) Appellants have not appealed from so much of the order of May 18, 1950, as denied a stay of proceedings until the actual joinder of the trustee. Johnston, Acting P. J., Adel, Sneed and Wenzel, JJ., concur; MacCrate, J., concurs except as to the order of May 18, *998 1950, and as to such order he votes to affirm without modifying it so as to provide for bringing in the trustee in bankruptcy as a party defendant. (Of. Leiman v. Guttman, 297 N. Y. 201, 204.)